UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-334-7BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) STIPULATION AND ORDER |
| | ) REGARDING PROTECTION OF |
| ABDOULAIE FRANCIS LOWE | ) GOVERNMENT'S DISCLOSURES |
| NICOLAS | ) |
| | ) |

IT IS HEREBY STIPULATED AND AGREED by and between the Government and counsel for the above named defendant, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Whereas the Government has reported that discoverable material in the instant case presently amounts to 102 gigabytes of data and 132,482 separate files, maintained in various electronic and physical formats, and that the content of such data contains various information subject to redaction under Federal Rule of Criminal Procedure 49.1, including but not limited to names, dates of birth, Social Security numbers, and credit card account numbers, to expedite the flow of discovery and progress the case, the Government shall continue to produce discovery to the above-named defendant ("Defendant") in an unredacted form, subject to the restrictions contained within this Stipulation and Order.

2. All discovery produced to the Defendant by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the discovery material, may be used by the Defendant and defense counsel for any purpose

consistent with this order in furtherance of the representation of the Defendant in connection with the above-captioned indictment except as specified herein.

3. Any and all discovery material produced to counsel for the Defendant by the government, and any copies, notes, transcripts, documents or other information derived or prepared from the discovery material, shall not be further disseminated by the Defendant or defense counsel to any individuals, organizations or other entities. Expressly excepted from the foregoing clause are members of the legal staff of undersigned defense counsel and experts retained by defense counsel, who may view and utilize the discovery in the ordinary course of their work on behalf of counsel for the Defendant.

4. Due to the sensitive nature of the discovery material and the need to protect the identities and financial security of victims, counsel for the Defendant shall at no time be permitted to leave any copies of the discovery material in the possession of the defendant in detention. Undersigned counsel for the Defendant shall be permitted to show the Defendant the discovery material and use the discovery material during meetings with the Defendant, however all discovery material and notes concerning the same must be collected at the conclusion of each meeting.

5. Each of the individuals to whom disclosure is authorized in paragraph 3, that is, members of the legal staff of undersigned defense counsel and experts retained by undersigned defense counsel, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material except in conformity with this Stipulation and Order.

6. Defense counsel agrees to maintain a list of the individuals to whom disclosure is authorized in paragraph 3, that is, members of the legal staff of undersigned defense counsel and experts retained by undersigned defense counsel, and to provide this list to the government and the Court upon request.

7. Where the Defendant and/or defense counsel wish to disclose any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material to any individual to whom disclosure is not authorized by paragraph 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

8. None of the discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Stipulation and Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

9. If the Defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the such material unless and until substitute counsel enters into this Stipulation and Order.

10. The Defendant and defense counsel shall return to the government the discovery material and all copies thereof, whether in the possession of the defendant, defense counsel, legal

staff of defense counsel, or experts retained by defense counsel, when defense counsel ceases to represent the defendant or at the conclusion of any direct appeal, whichever comes first[1].

11. As the Government's production of discovery shall be in an unredacted form, the Government, the Defendant, and his counsel shall ensure that filings with the court are properly redacted pursuant to Federal Rule of Criminal Procedure 49.1.

12. Any violation of this Stipulation and Order (a) will require the immediate return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of Court.

13. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

So ordered, this ᴬᴶ day of February 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] If any discovery was produced by copying the information to a digital media device (i.e., a hard drive), the following will take place when the information is returned to the Government upon completion of trial and direct appeal: The Government will either remove the information from the device and return the device to the defense, or will replace the device with one that is substantially the same.

4

## STIPULATION

The foregoing STIPULATION AND ORDER is respectfully submitted, understood, and accepted, this 23rd day of February, 2018.

**For the United States:**

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ William M. Gilmore
WILLIAM M. GILMORE
Atty for the United States
United States Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: (919) 856-4338
Fax: (919) 856-4487
Email: william.gilmore@usdoj.gov
FL State Bar No. 014342
NC State Bar No. 47037

**For Abdoulaie Francis Lowe Nicolas:**

/s/ Frank Jackson
FRANK JACKSON
P.O. Box 2006
Fuquay Varina, NC 27526
(919) 610-7830
frankjacksonatty@live.com
NC State Bar No. 2316